# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ, | ) CASE NO. 1:12-cv-01065 LJO GSA PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS ) THAT THIS ACTION BE DISMISSED |
| v. | ) ) (ECF No. 1) |
| ARTHUR ANDERSON, et al., | ) ) OBJECTION DUE WITHIN THIRTY DAYS |
| Defendants. | ) |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. .  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claim

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this action against the following individuals: Governor Brown; Board of Parole Hearings (BPH) Commissioner Arthur Anderson, Deputy BPH Commissioner Adeniji. Plaintiff's sole claim in this action relates to the denial of his release on parole.

Plaintiff alleges that at his parole hearing on July 26, 2011, defendants used an improper regulation in denying him parole. Specifically, Plaintiff alleges that he was convicted of gross vehicular manslaughter, and defendants used comprehensive risk assessment criteria for inmates convicted of murder offenses. Plaintiff claims that he was therefore denied due process at his parole hearing.

Should Plaintiff prevail on his claim, his denial of parole would be presumptively invalid. Plaintiff could, therefore, be entitled to earlier release. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

## III. Conclusion and Recommendation

The allegations of the complaint related directly to the denial of parole. Plaintiff's claims therefore sound in habeas. This action must therefore be dismissed. However, the Court will recommend dismissal without prejudice to the filing of a petition for writ of habeas corpus.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the filing of a petition for writ of habeas corpus.

1        These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
3 after being served with these findings and recommendations, any party may file written objections
4 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
6 and filed within ten days after service of the objections.   The parties are advised that failure to file
7 objections within the specified time waives all objections to the judge's findings of fact.  See Turner
8 v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may
9 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10
11
12        IT IS SO ORDERED.
13     Dated:    **September 24, 2012**                  **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE
14