UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ, | 1:12-cv-01065-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 1.) |
| vs. | |
| JERRY BROWN, et al., | THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |
| Defendants. | |

## I.    BACKGROUND

Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 29, 2012.  (Doc. 1.)  On December 14, 2012, based on the finding that Plaintiff's claims sounded in habeas and could entitle him to earlier release, the court dismissed this case for failure to state a claim under § 1983, without prejudice to the filing of a petition for writ of habeas corpus.  (Doc. 13.)

On December 26, 2012, Plaintiff filed a notice of appeal, and on January 2, 2014, the Ninth Circuit reversed the district court's ruling and remanded the case to the district court. (Docs. 9, 21.)  The Ninth Circuit's mandate was entered on January 27, 2014.  (Doc. 22.)

The court has reopened the case and now screens the Complaint in light of the Ninth Circuit's ruling.[1]

_____

[1] In remanding this case to the district court, the Ninth Circuit held that "[because] success in this action would not necessarily demonstrate the invalidity of [Plaintiff's] continued confinement. . , [Plaintiff]'s claims are not barred under Heck v. Humphrey, 523 U.S. 477, 483-87 (1994).  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (prisoner may challenge procedures used in parole hearing under § 1983, provided he does not seek 'immediate of speedier release')."  (Doc. 21 at 2.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF COMPLAINT

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation, presently incarcerated at Avenal State Prison in Avenal, California.  The events at issue in the Complaint allegedly occurred while Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California.  Plaintiff names as defendants Jerry Brown (Governor of California), John/Jane Does (members of the Board of Parole Hearings (BPH) review panel),

///

Arthur Anderson (BPH Commissioner), and Kristin Kanyinsola Adeniji (BPH Deputy Commissioner).  Plaintiff's factual allegations follow.

On July 26, 2011, Plaintiff was summoned to appear before the BPH for an initial parole hearing for his commitment offense of gross vehicular manslaughter.

Defendants Anderson and Adeniji conducted the hearing using the criteria in the California Code of Regulations, Title 15, Division 2, section 2402, titled Parole Consideration Criteria and Guidelines for Murders Committed on or After November 8, 1978, and Specified Attempted Murders, and denied Plaintiff parole for a period of seven years.

Defendants Anderson and Adeniji used as documentary evidence a comprehensive risk assessment that was deemed an underground regulation by the Office of Administrative Law, and specifically designed for prisoners convicted of murder offenses.

Defendants Anderson and Adeniji failed to talk with Plaintiff's Correctional Counselor about the fact that Plaintiff did not qualify for Substance Abuse Programming, simply calling Plaintiff a liar and using that as a factor to deny parole.

Defendant Anderson participated in ex parte communication with victim support persons prior to deliberations, outside of the hearing room and without Plaintiff or counsel's presence.

Plaintiff requests declaratory relief and monetary damages.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by
>
> the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

A.    **Personal Participation – Defendants Brown and John/Jane Does**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not stated any allegations in the Complaint against defendants Governor Brown or the John/Jane Doe defendants (members of the Board of Parole Hearings (BPH)

review panel).  Plaintiff fails to show any personal participation by these defendants in the

constitutional violations against Plaintiff.  Therefore, Plaintiff fails to state any claims against

defendants Governor Brown or the John/Jane Doe defendants.

Moreover, Plaintiff is advised that unidentified, or "John Doe" defendants must be

named or otherwise identified before service can go forward.  "As a general rule, the use of

'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

Cir. 1980).  John Doe or Jane Doe defendants cannot be served by the United States Marshal

until Plaintiff has identified them as actual individuals and amended his complaint to substitute

names for John Doe or Jane Doe.   For service to be successful, the Marshal must be able to

identify and locate defendants.

## B.   Procedural Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due

process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

action for deprivation of procedural due process, a plaintiff must first establish the existence of

a liberty interest for which the protection is sought.  Liberty interests may arise from the Due

Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The

United States Constitution does not, of its own force, create a protected liberty interest in a

parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21, 102 S.Ct. 31,

70 L.Ed.2d 13 (1981).  However, "a state's statutory scheme, if it uses mandatory language,

'creates a presumption that parole release will be granted' when or unless certain designated

findings are made, and thereby gives rise to a constitutional liberty interest."  McQuillion v.

Duncan (McQuillion I), 306 F.3d at 901 (quoting Greenholtz v. Inmates of Neb. Penal, 442

U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).

California's parole scheme gives rise to a cognizable liberty interest in release on parole,

even for prisoners who have not already been granted a parole date. Sass v. Cal. Bd. of Prison

Terms, 461 F.3d 1123, 1128 (9th Cir.2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th

Cir.2003); McQuillion I, 306 F.3d at 903; see also In re Lawrence, 44 Cal.4th 1181, 1204,

1210, 1221, 82 Cal.Rptr.3d 169, 190 P.3d 535 (2008).  However, "[t]here is no right under the

Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011) (citing Greenholtz, 442 U.S. at 7). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, [the Supreme Court has] held that the procedures required are minimal." Swarthout at 862. "In Greenholtz, [the Supreme Court] found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout at 862 (citing Greenholtz, 442 U.S. at 16). The Constitution does not require more. Id.

Plaintiff alleges in the Complaint that he appeared at a parole hearing before the BPH where he was allowed an opportunity to be heard, and he was provided a Statement of Reasons for the BPH's decision to deny parole. Thus, Plaintiff received adequate process at the hearing, and he fails to state a claim under § 1983 for violation of due process.

C.   **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

///

Plaintiff claims that he was denied equal protection under the law by defendants when they conducted a psychological risk assessment on him designed for prisoners convicted of murder offenses.  However, Plaintiff has not alleged any facts demonstrating that any of the defendants intentionally discriminated against him on the basis of his membership in a protected class, or intentionally treated him differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Therefore, Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

### D.    Deliberate Indifference – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective."  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'"  Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and

///

Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  <u>Farmer</u> at 839-40.

Plaintiff claims that defendants showed deliberate indifference at his parole hearing. However, Plaintiff fails to demonstrate that any of the defendants deliberately acted, or failed to act, in disregard of a known substantial risk of serious harm to Plaintiff.  Therefore, Plaintiff fails to state a claim for deliberate indifference in violation of the Eighth Amendment.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir.2000).    Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 556 U.S. at 678;  <u>Jones</u>, 297 F.3d at 934.  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  <u>Iqbal</u> at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).  Plaintiff should name each defendant and explain how each named defendant personally acted, or failed to act, resulting in a violation of Plaintiff's constitutional rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding unrelated issues arising after the initiation of this suit on June 29, 2012.  In addition, Plaintiff should take care to include only those claims that have been exhausted.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey</u> <u>v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's Complaint, filed on June 29, 2012, is dismissed for failure to state a claim, with leave to amend;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

4.  Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-01065-LJO-GSA-PC; and

5.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  **January 30, 2014**                         **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

9