UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO LOPEZ,<br><br>            Plaintiff,<br><br>      vs.<br><br>JERRY BROWN, et al.,<br><br>            Defendants. | 1:12-cv-01065-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 26.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.    BACKGROUND

Emiliano Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 29, 2012.  (Doc. 1.)  On December 14, 2012, based on the finding that Plaintiff's claims sounded in habeas and could entitle him to earlier release, the court dismissed this case for failure to state a claim under § 1983, without prejudice to the filing of a petition for writ of habeas corpus.  (Doc. 13.)

On December 26, 2012, Plaintiff filed a notice of appeal, and on January 2, 2014, the Ninth Circuit reversed the district court's ruling and remanded the case to the district court.  (Docs. 15, 21.)[1]  The Ninth Circuit's mandate was entered on January 27, 2014.  (Doc. 22.)  The district court reopened the case.

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on January 30, 2014, dismissing the case for failure to state a claim, with leave to amend.

---

[1] In remanding this case to the district court, the Ninth Circuit held that "[because] success in this action would not necessarily demonstrate the invalidity of [Plaintiff's] continued confinement. . , [Plaintiff]'s claims are not barred under Heck v. Humphrey, 523 U.S. 477, 483-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (prisoner may challenge procedures used in parole hearing under § 1983, provided he does not seek 'immediate or speedier release')."  (Doc. 21 at 2.)

(Doc. 23.) On March 31, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 26.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation, presently incarcerated at Avenal State Prison in Avenal, California. The events at issue in the First Amended Complaint allegedly occurred while Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California. Plaintiff names as defendants Jerry

Brown (Governor of California), the Board of Parole Hearings (BPH), Arthur Anderson (BPH Commissioner), Kristin Kanyinsola Adeniji (BPH Deputy Commissioner), and Jennifer Shaffer (BPH Executive Officer).  Plaintiff's factual allegations follow.

On July 26, 2011, Plaintiff appeared before the BPH for an initial parole hearing for his commitment offense of gross vehicular manslaughter.  Defendant Anderson read into the record Plaintiff's commitment offense of a conviction of manslaughter by motor vehicle while driving under the influence, with a prior.  (Board Transcript (BT) at p. 3.)[2]  Defendants Anderson and Adeniji conducted the hearing using the criteria in the California Code of Regulations, Title 15, Division 2, section 2402, titled Parole Consideration Criteria and Guidelines for Murders Committed on or After November 8, 1978, and Specified Attempted Murders, and denied Plaintiff parole for a period of seven years.  Defendant Anderson stated that the factors of suitability were contained in Title 15 § 2402.  (BT at p. 7.)

Prior to deliberating, defendant Anderson stated that he "had a discussion with the representative of the victims, the representative from MADD, and one of the [unidentified person] . . ." (BT at p. 103) (First Amended Complaint (FAC), Doc. 26 at 6 ¶15.)  Defendant Anderson held that the gravity of the commitment offense weighs heavily against suitability, and that the commitment offense was calculated and demonstrates exceptional callous disregard for human suffering.  (BT at p. 106.)  Defendant Anderson incorporated into the record and used as evidence the Comprehensive Risk Assessment (CRA) conducted on October 28, 2010 by Dr. James McNairn.  (BT at p. 108-110.)

On November 8, 2010, the Office of Administrative Law determined that the Board's risk assessment policy was an underground regulation as defined by Government Code §11342.600 and was subject to the Administrative Procedures Act.

Prior to the hearing, Plaintiff did not know how he could appeal the findings of Dr. James McNairn's CRA.  The CRA was not detailed in how Plaintiff answered the Doctor's questions.  He provided only two word answers or a few words to convey what Plaintiff said.

---

[2] Plaintiff refers to a Board Transcript containing a record of the hearing, but he did not submit a copy of the transcript to the court.

Also, he was less than honest with Plaintiff when he asked what the purpose of the psychological report was, stating that it would have little influence on the Board's decision, and the Doctor also told Plaintiff that he did not need to bring any of his materials.

Plaintiff requests declaratory relief, injunctive relief, and monetary damages.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by
>
> the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

///

///

A.     **Procedural Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." McQuillion v. Duncan (McQuillion I), 306 F.3d at 901 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).

California's parole scheme gives rise to a cognizable liberty interest in release on parole, even for prisoners who have not already been granted a parole date. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); McQuillion I, 306 F.3d at 903; see also In re Lawrence, 44 Cal.4th 1181, 1204, 1210, 1221, 82 Cal.Rptr.3d 169, 190 P.3d 535 (2008). However, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011) (citing Greenholtz, 442 U.S. at 7). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, [the Supreme Court has] held that the procedures required are minimal." Swarthout at 862. "In Greenholtz, [the Supreme Court] found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout at 862 (citing Greenholtz, 442 U.S. at 16). The Constitution does not require more. Id.

Plaintiff alleges in the First Amended Complaint that he appeared at a parole hearing before the BPH where he was allowed an opportunity to be heard, and he was provided with a Board Transcript containing a record of the hearing and the reasons he was denied parole. Thus, Plaintiff received adequate process at the hearing, and he fails to state a claim under § 1983 for violation of due process.

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims that he was denied equal protection under the law by defendants at his parole hearing. However, Plaintiff has not alleged any facts demonstrating that any of the defendants intentionally discriminated against him on the basis of his membership in a protected class, or intentionally treated him differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

### C. Deliberate Indifference – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim,

and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff claims that defendants showed deliberate indifference at his parole hearing. However, Plaintiff fails to demonstrate that any of the defendants deliberately acted, or failed to act, while knowing of and disregarding a known substantial risk of serious harm to Plaintiff. Plaintiff uses conclusory language in alleging that defendants "intentionally applied and used [an underground regulation] to deny parole, showing deliberate indifference," and "intended to mislead Plaintiff in promulgating Cal. Code Regs., section 2240 by lying about the expert opinions . . . in violation of Plaintiff's right to be free from cruel and unusual punishment." (FAC at 9 ¶34.) However, while factual allegations are accepted as true, legal conclusions are not. Iqbal 556 U.S. at 678. Therefore, Plaintiff fails to state a claim for deliberate indifference in violation of the Eighth Amendment.

## V.  CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.   Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and
2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2014**               /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE